**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TERRY W. ROSS, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-07-449-HE |
| | ) | |
| SEDGWICK COUNTY DISTRICT | ) | |
| ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma, has filed a "Petition for a Writ of Habeas Corpus by a Person Attacking a State Detainer" pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Initial review of this matter reveals that the Petition should be summarily dismissed without prejudice to refiling.[1]

**Relevant Case History**

Petitioner is currently serving a federal sentence for a conviction entered on August 18, 2006, in Case No. 6:94CR10001-002 in the United States District Court for the District of Kansas. His projected release date is August 3, 2007.

Petitioner challenges a state detainer filed against him for charges pending with the Wichita Police Department, State of Kansas, Incident #06C038499. Petitioner claims the

---

[1] Initial review and summary dismissal of the Petition is authorized by Rule 4 of the Rules Governing Section 2254 Cases which requires the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The Rules Governing Section 2254 Cases may be applied at the Court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases. *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

detainer should be dismissed pursuant to the "Speedy Trial Act" because more than 180 days have passed since October 27, 2006, the date Petitioner submitted to the Sedgwick County District Attorney a "Motion to Proceed With Trial Under the Speedy Trial Act, 18 U.S.C. § 3161(C)(1)."[2]

**Analysis**

Where, as here, a habeas petitioner challenges "a form of 'custody' other than present physical confinement . . . [the proper] respondent [is] the entity or person who exercises legal control with respect to the challenged 'custody'." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Petitioner names as respondent in this action the Sedgwick County District Attorney. Because Petitioner challenges a state detainer, the proper respondent is the Kansas official responsible for issuing the detainer and having legal control of Petitioner with respect to the challenged custody. This Kansas official, however, although a proper respondent, is outside this Court's territorial jurisdiction. *See Braden v. 30th Judicial Circuit Court of Kentucky*,

---

[2]Petitioner provides a citation reference to the federal "Speedy Trial Act" codified at 18 U.S.C. § 3161. That Act has no application to pending charges filed in a state court. Petitioner may have intended to raise a claim pursuant to the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. 2 § 2, art. III(a). Article III(a) of the IADA provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State [including a penal or correctional institution of the United States], and whenever during the continuance of the term . . . there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer written notice of . . . his request for a final disposition to be made of the indictment. . . .

*Id*.

410 U.S. 484, 495 (1973) (habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian").  Therefore, the Petition should be dismissed for lack of jurisdiction over the proper respondent.

In addition, it is questionable whether Petitioner can demonstrate he is "in custody" on the state detainer, a prerequisite to bringing a § 2241 action.  *See Maleng v. Cook*, 490 U.S. 488 (1989).  The Bureau of Prison's Detainer Action Letter attached to the Petition requests state officials to advise whether they desire to have a detainer lodged, indicating that a state detainer is not currently in effect.  In addition the Bureau of Prison's Sentence Monitoring Computation Data, also attached to the Petition, reflects that no state detainer exists. *Compare Ball v. Scott*, No. 93-3345, 1994 WL 562023 (10th Cir. Oct. 13, 1994) (unpublished op.) (where State of Missouri declined to respond when queried about whether it wanted to file a detainer with the BOP, habeas petitioner was not in custody pursuant to the detainer and federal district court lacked jurisdiction to entertain the petition).

Finally, Petitioner has failed to adequately demonstrate exhaustion of state remedies.  He seeks, therefore, to prematurely litigate in federal court a defense to a state criminal charge.  The State of Kansas should be given the first opportunity to resolve Petitioner's claim. *See Knox v. State of Wyoming*, 959 F.2d 866, 868 (10th Cir. 1992) (dismissing without prejudice federal prisoner's speedy trial challenge brought pursuant to the IADA on grounds the prisoner failed to exhaust state remedies prior to bringing federal suit) (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-493 (1973)). *See also Ricks v. Kempker*, 163 Fed. Appx. 697 (10th Cir. 2006) (unpublished op.) (dismissing speedy trial claim challenging

state detainer where petitioner failed to demonstrate he had exhausted state remedies); *compare Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991) ("A state prisoner must exhaust all available state remedies before filing a federal habeas petition attacking an out-of-state detainer."). Therefore, dismissal of the Petition without prejudice is also warranted on this basis.$^{3}$

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be summarily dismissed without prejudice to refiling. Petitioner is advised of the right to object to this Report and Recommendation by May  22nd , 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

---

$^{3}$Although this Court could transfer the action to the United States District Court for the District of Kansas, *see* 28 U.S.C. § 1631, transfer is not recommended. Petitioner has failed to demonstrate exhaustion of state remedies and, therefore, it would not be in the interest of justice to transfer this action.

ENTERED this __2nd__ day of May, 2007.

_/s/ Valerie K. Couch_
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE